**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT W. LANGFORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00522-O-BP** |
| | § | |
| | § | |
| **DENIS R. MCDONOUGH,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 29, 2026, *pro se* Plaintiff, Robert W. Langford, filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. *See* ECF Nos. 1, 4.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.  NATURE OF THE CASE

This case is a new civil action.

B.  PARTIES

Robert W. Langford is the plaintiff.  Plaintiff names Denis R. McDonough, Secretary of Veteran Administration, Donald M. Remy, Deputy Secretary of Veteran Administration, and Department of Veteran Pension Center as defendants.

C.  LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and

administrative fees or be granted permission to proceed *in forma pauperis* (IFP). *See* 28 U.S.C. §§ 1914, 1915. Because Plaintiff had not paid the filing fee or sought permission to proceed *in forma pauperis*, the Court ordered that he do so by May 15, 2026. ECF No. 6. The Court explicitly warned Plaintiff that failure to timely comply with its order might result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's order lapsed and, to date, Plaintiff has not complied with the Court's order or otherwise attempted to cure his filing deficiency. Because Plaintiff has not paid the requisite fees, this case is subject to dismissal for failure to comply with a Court order and for lack of prosecution under Rule 41(b). In addition, Plaintiff has failed to keep the Court apprised of his current address, as required by LOC. CIV. R. 83.13, which is additional cause for dismissal of his claims. *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007). Although the rule is addressed to attorneys, the term "attorney" includes those proceeding *pro se*. LOC. CIV. R. 1.1.

## RECOMMENDATION

The undersigned therefore **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DISMISS** Plaintiff's complaint for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right

to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on May 18, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE